**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0629-18T4

GEORGE LOPEZ,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 2, 2019 – Decided October 8, 2019

Before Judges Fasciale and Rothstadt.

On appeal from the New Jersey Department of Corrections.

George Lopez, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Stephanie Renee Dugger, Deputy Attorney General, on the brief).

PER CURIAM

George Lopez, an inmate at Northern State Prison, appeals from a September 7, 2018 final agency decision by the New Jersey Department of Corrections (NJDOC), which found him guilty of prohibited act *.204 (use of prohibited substance), N.J.A.C. 10A:4-4.1(a). We affirm.

On August 24, 2018, the NJDOC tested Lopez's urine. On September 4, 2018, the NJDOC received the lab results, which were positive for THC and Buprenorphine (also known as Suboxone), and charged Lopez with committing the prohibited act. The next day, the NJDOC served Lopez, conducted an investigation, and referred the matter to the courtline hearing officer (HO). On September 7, 2018, the HO granted Lopez's request for substitute counsel.

Lopez pled not guilty with the assistance of substitute counsel. The HO conducted the hearing, rejected Lopez's arguments, and sanctioned him to 180 days of administrative segregation, 365 days of urine monitoring, 15 days loss of recreation privilege, 120 days loss of commutation time, and a mental health referral.[1] Lopez administratively appealed, and the NJDOC entered its final decision.

---

[1] The record reveals a discrepancy as to whether Lopez received a 365 day loss of contact visits or zero tolerance permanent loss of contact visits.

A-0629-18T4

On appeal, Lopez raises the following arguments:

POINT I

THE [HO] VIOLATED [LOPEZ'S] DUE PROCESS RIGHTS IN NOT CONFIRMING [LOPEZ] WAS ON A SUBOXONE MAINTENANCE PROGRAM.

POINT II

[LOPEZ] WAS NOT IN THE CUSTODY OF [NJDOC] LONG ENOUGH TO NOT FULLY BE CLEANED OF ANY LEGAL AND ILLEGAL SUBSTANCES.

    A. [HO] erred In Relying On Information That Does Not Apply To An Individual Who Is In A Suboxone Maintenance Program For Over A Year.

POINT III

THE [HO] VIOLATED [LOPEZ'S] DUE PROCESS RIGHTS BY PLACING [LOPEZ] ON PRE-HEARING DETENTION AND NOT AFFORDING [LOPEZ] WITH A HEARING WITHIN [SEVENTY-TWO] HOURS OF PLACEMENT INTO PRE-HEARING DETENTION.

POINT IV

THE [NJDOC] VIOLATED FUNDAMENTAL FAIRNESS BY NOT APPLYING [THE] TIME IN PRE-HEARING DETENTION TO SENTENCE.

3

We conclude that these arguments are without sufficient merit to require discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief remarks.

"Our role in reviewing the decision of an administrative agency is limited." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). "We defer to an agency decision and do not reverse unless it is arbitrary, capricious[,] or unreasonable or not supported by substantial credible evidence in the record." Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010). "'Substantial evidence' means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

When reviewing a NJDOC determination that involves prisoner discipline, we engage in a "'careful and principled consideration of the agency record and findings.'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)). We consider not only whether there is substantial credible evidence that the inmate committed the prohibited act, but also whether, in making its decision, the NJDOC followed

4

adopted regulations that afford inmates procedural due process.  See McDonald

v. Pinchak, 139 N.J. 188, 194-96 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution,

and the full panoply of rights due [to] a defendant in such proceedings does not

apply."  Jenkins v. Fauver, 108 N.J. 239, 248-49 (1987) (quoting Wolff v.

McDonnell, 418 U.S. 539, 556 (1974)).  But the inmate's more limited

procedural rights, initially set forth in Avant v. Clifford, 67 N.J. 496, 525-46

(1975), are codified in a comprehensive set of NJDOC regulations, N.J.A.C.

10A:4-9.1 to -9.28.

A prisoner is afforded: the right to written notice of the charges at least

twenty-four hours prior to the hearing, N.J.A.C. 10A:4-9.2; a right to a fair

tribunal, N.J.A.C. 10A:4-9.15; a limited right to call witnesses and present

documentary evidence, N.J.A.C. 10A:4-9.13; a limited right to confront and

cross-examine adverse witnesses, N.J.A.C. 10A:4-9.14; a right to a written

statement of the evidence relied upon and the reasons for the sanctions imposed,

N.J.A.C. 10A:4-9.24;  and, in certain circumstances, the right to assistance of

counsel-substitute, N.J.A.C. 10A:4-9.12.  These regulations "strike the proper

balance between the security concerns of the prison, the need for swift and fair

A-0629-18T4

discipline, and the due-process rights of the inmates." <u>Williams</u>, 330 N.J. Super. at 203 (citing <u>McDonald</u>, 139 N.J. at 202).

Lopez's hearing followed the safeguards outlined in <u>Avant</u> and those codified by the regulations. The record confirms that Suboxone is "detectible in the urine for three days." The August 24, 2018 positive test results – for THC and Suboxone – support the charge. Furthermore, Lopez offered no credible explanation for his positive THC results. The NJDOC followed the regulations – N.J.A.C. 10A:4-10.1(a), N.J.A.C. 10A:4-10.1(c)(3), and N.J.A.C. 10A:4-10.1(d)-(e) – by placing Lopez in pre-hearing disciplinary detention on September 4, 2018 because his behavioral controls appeared to be impaired. And finally, there is no basis for "credit." Again, the NJDOC placed him in pre-hearing detention– under N.J.A.C. 10A:4-10.1 – to protect his own security.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0629-18T4